IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SHERRY WALLACE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NUMBER |
| | ) |
| MARCUS CABLE OF ALABAMA, | ) 97-C-3087-W |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

FILED
00 MAY 10 PM
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 1 0 2000

**MEMORANDUM OPINION GRANTING CLASS CERTIFICATION**

Plaintiff Sherry Wallace seeks certification of a class of all Alabama cable subscribers who paid a late fee to Defendant Marcus Cable of Alabama, Inc., pursuant to a standard form subscription contract.

The parties have stipulated that the members of the putative class are so numerous that joinder would be impracticable, and that there are common factual questions. Transcript of August 19, 1999 hearing ("TR") at 3. At issue is whether the named Plaintiff's claims are typical of those of the class; and whether she is an adequate representative of the class.[1] Also, the Court must determine whether the named Plaintiff

---

[1] Federal Rule of Civil Procedure 23(a) provides:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact

meets the requirements of Federal Rule of Civil Procedure 23(b)(3).[2] Based on the evidence presented at the certification hearing, the Court concludes that she satisfies all of the requirements.

I

When she lived in Adamsville, Alabama between 1994 and 1998, the named Plaintiff Sherry Wallace was a subscriber to the cable service offered by Defendant Marcus Cable of Alabama, Inc. ("Marcus Cable"). At all material times, the standard form contract between Plaintiff and Marcus Cable provided, in relevant part:

> [T]he Customer also agrees to pay to the Company monthly, in advance, for services at Customer's premises . . . If any payment of the bill is not received in our office by the due date your account will be charged a *processing fee. The processing fee covers the additional expense associated with labor in preparing additional bill statements and in processing your service records as well as mailing additional bill statements and notices.* The customer hereby agrees to

---

common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

[2] Federal Rule of Civil Procedure 23(b)(3) provides in pertinent part:

> **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> ***
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy . . .

2

pay the processing fee if any payment is not received in our office by the due date indicated on the bill.

Plaintiff's Exhibit ("PX") 5. (emphasis added). The contract does not specify the amount of the processing fee.

Occasionally, during the relevant period, Plaintiff was late in paying her monthly cable bill. On such occasions, she was assessed a late fee in the amount of Five Dollars ($5.00). She paid the late fees as they were charged to her. She did not protest the imposition of late fees until this case was filed.

Marcus Cable does not deny that the standard form contract executed by Plaintiff was used with all of its customers.

II

Plaintiff's claim is fairly straightforward. First, she maintains that Marcus has breached the contract by charging "late fees" which bear no relationship to the actual processing costs generated by late payments of its customers. She contends that the "late fees" imposed by Marcus Cable are penalties, rather than liquidated damages. Second, she contends that Marcus Cable has been unjustly enriched, and that she has been defrauded.

III. Rule 23(a)

Plaintiff is familiar with her claim in this case. She has read the Complaint and has discussed it with her lawyer. She will vigorously protect the interests of the

3

absent class members. She is willing to appear at such pretrial hearings as may be necessary, and to appear at trial as the class representative if this case is certified.

There is no showing that any of Plaintiff's claim is not typical of the claim of the class. Moreover, there is no showing or suggestion of collusion or that Plaintiff's interests are antagonistic to those of the putative class.

No one questions that Plaintiff's counsel are most competent to handle this litigation.

Rule 23(b)(3)

Marcus Cable has engaged in a common course of conduct towards the members of the putative class (i.e., it cannot seriously be denied that common factual and legal questions predominate over individual issues). The individual issues will relate to such matters as the dates on which Marcus Cable's standard form contract was executed by the individual class members, the dates on which late charges were imposed, and the total amounts paid as late fees. While these matters will assuredly require more routine discovery than the usual motion practice, they do not pose the kind of managerial nightmares sufficient to defeat class action treatment.

Marcus Cable's affirmative defenses of voluntary payment, estoppel and waiver, accord and satisfaction, laches, set off and recoupment, ratification and acquiescence, and consent all involve action or inaction common to all of the putative class members. These defenses are fully susceptible to class action treatment.

The Court concludes that a class action is superior to any other available method for the fair and efficient adjudication of the issues raised by this case.

Conclusion

A class certification order shall issue separately.

DONE this ___10th___ day of May, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON